IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–02244–EWN–MEH

LOWER ARKNASAS VALLEY WATER
CONSERVANCY DISTRICT, a quasi-municipal
corporation and political subdivision of the State of
Colorado,

      Plaintiff,

v.

UNITED STATES OF AMERICA;
DIRK KEMPTHONE, Secretary of the Interior, in his
official capacity;
ROBERT W. JOHNSON, Commissioner, Bureau of
Reclamation, in his official capacity;
MICHAEL J. RYAN, Regional Director, Bureau of
Reclamation, in his official capacity; and
U.S. BUREAU OF RECLAMATION, a federal agency,

      Defendants, and

CITY OF AURORA

      Defendant-Intervenor.

---

## ORDER AND MEMORANDUM OF DECISION

---

Plaintiff Lower Arkansas Valley Water Conservancy District seeks declaratory and

injunctive relief in this action invalidating a contract between the United States of America and

the other above-captioned federal defendants (collectively the "United States") and Defendant-

Intervenor City of Aurora ("Aurora") permitting Aurora to store water in Pueblo Reservoir, a

facility of the Fryingpan-Arkansas ("Fry-Ark") Project. This matter comes before the court on "Motion to Intervene of Arkansas Native, LLC," filed on January 9, 2008. Jurisdiction is proper pursuant to the existence of a federal question under 28 U.S.C. § 1331.

## FACTS

### 1.    *Factual Background*

In this action, Plaintiff seeks to invalidate a contract (the "Contract") between the United States and Aurora (collectively "Defendants") permitting Aurora to store water in a facility of the Fry-Ark Project on the grounds that the United States lacked statutory authority to enter into this Contract, and the United States violated various environmental statutes and regulations in so doing. (*See generally* First Mot. to Amend Compl. for Declaratory and Inj. Relief [filed Mar. 24, 2008], Ex. 3 [Amend. Compl.] [hereinafter "Am. Compl."].) The facts relevant to the underlying action are recounted in my order granting in part and denying in part the United States' and Aurora's motions to dismiss, which is filed contemporaneously with this order. (*See* Order and Mem. of Decision [filed Sep. 25, 2008] [hereinafter "Dismiss Order"].) Familiarity therewith is assumed.

Arkansas Native, LLC ("Arkansas Native"), seeks to intervene in this action to obtain a declaratory judgment that the United States violated the Fryingpan-Arkansas Authorization Act of 1962 and the Water Supply Act of 1958 by entering into the Contract. (*See* Compl. in Intervention ¶¶ 30–36 [filed Jan. 9, 2008] [hereinafter "Arkansas Compl."].) This claim is the functional equivalent of the two claims in Plaintiff's proffered amended complaint that have survived the United States' and Aurora's motions to dismiss. (*Compare* Arkansas Compl. ¶¶

30–36, *with* Am. Compl. ¶¶ 82–90.)  Like Plaintiff, Arkansas Native, a limited liability

corporation which owns water rights supplied by the Arkansas River between the river's

headwaters and John Martin Reservoir, broadly alleges that the Contract will injure its water

rights in the Arkansas River basin.  (Arkansas Compl. ¶¶ 16–17.)  Specifically, Arkansas Native

alleges that the Contract will injure its water rights by reducing flows in the Arkansas River,

reducing the physical supply of water or precipitating calls from other water rights that would

not exist in the absence of Aurora's planned exchanges, and diminishing the quality of the water

within the exchange reach contemplated by the Contract.  (*Id.*)  In addition, Arkansas Native

broadly asserts that it has a protectable interest in its right to litigate the legality of the Contract

because it raised this issue in state water court proceedings that were stayed in light of the instant

underlying action.  (*See* Mem. in Supp. of Mot. to Intervene of Arkansas Native, LLC at 1–5

[filed Jan. 9, 2008] [hereinafter "Arkansas's Br."].)

### 2.    *Procedural History*

On January 9, 2008, Arkansas Native moved to intervene in the instant action, arguing

that it is entitled to intervention as of right and that permissive intervention is appropriate.

(Arkansas's Br.)  Arkansas Native contemporaneously filed its proffered complaint in

intervention.  (Arkansas Compl.)  On February 19, 2008, the United States and Aurora each

separately responded, opposing Arkansas Native's intervention.  (United States' Mem. in Opp'n

to Mot. to Intervene of Arkansas Native, LLC [filed Feb. 19, 2008] [hereinafter "United States'

Resp."]; City of Aurora's Mem. in Opp'n to Mot. to Intervene [filed Feb. 19, 2008] [hereinafter

"Aurora's Resp."].)  On March 5, 2008, Arkansas Native replied.  (Reply Mem. in Supp. of Mot.

to Intervene of Arkansas Native, LLC [filed Mar. 5, 2008 [hereinafter "Arkansas's Reply"].)

This matter is fully briefed and ripe for review.

## ANALYSIS

### 1.  *Legal Standard*

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must

permit intervention as of right to anyone who:

> claims an interest relating to the property or transaction that is the subject of the
> action, and is so situated that disposing of the action may as a practical matter
> impair or impede the movant's ability to protect its interest, unless existing parties
> adequately represent that interest.

Fed. R. Civ. P. 24(a)(2) (2008).  Under Tenth Circuit law interpreting this rule, "an applicant

may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an

interest relating to the property or transaction which is the subject of the action, (3) the

applicant's interest may be impaired or impeded, and (4) the applicant's interest is not

adequately represented by existing parties."  *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407

F.3d 1091, 1103 (10th Cir. 2005).

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court

may permit intervention to anyone who "has a claim or defense that shares with the main action

a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B) (2008).  The decision whether or

not to grant a motion for permissive intervention is within the district court's sound discretion.

*See, e.g.*, *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir.

1996).  In exercising this discretion, "the court must consider whether the intervention will

unduly delay or prejudice adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3) (2008).

## 2.   *Evaluation*

Arkansas Native argues that it is entitled to intervention as of right and that permissive intervention is appropriate.  (Arkansas's Br. at 5–11.)  Defendants assert that Arkansas Native is not entitled to intervention as of right, and urge that I exercise my discretion to deny its request for permissive intervention.  (United States' Resp. at 5–13; Aurora's Resp. at 3–10.)  Because I find for the following reasons that permissive intervention is appropriate, I decline to consider whether Arkansas Native is entitled to intervention as of right.

Permissive intervention requires as its starting point that a would-be intervenor have a "claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B) (2008).  In the instant case, I find that this requirement is easily met because as noted above, Arkansas Native's claim for declaratory relief is the functional equivalent of Plaintiff's two claims that have survived Defendants' motions to dismiss.  Accordingly, Arkansas Native has a "claim . . . that shares with the main action a common question of law." (*Compare* Arkansas Compl. ¶¶ 30–36, *with* Am. Compl. ¶¶ 82–90); Fed. R. Civ. P. 24(b)(1)(B) (2008).

In arguing against the above-conclusion, Defendants curiously suggest that Arkansas Native does not have a claim sharing a "common question of law or fact" with Plaintiff's complaint because Arkansas Native could not have properly asserted its claim in the stayed state water court proceedings due to the United States' limited waiver of sovereign immunity in those

proceedings.  (*See* United States' Resp. at 10–11, 12–13; Aurora's Resp. at 10–11.)  This

argument, although unexplained and unsupported by any case law, appears to rest upon

Defendants' contention that Arkansas Native must have independent standing to assert its claim

in the instant action, and cannot bootstrap subject matter jurisdiction in the action to improper

subject matter jurisdiction in the state water court proceedings.  (*See id.*)  At least to the extent

that Defendants' argument is actually so premised, I find that it is misdirected.

The Tenth Circuit explicitly holds that "parties seeking to intervene under Rule 24(a) or

(b) need not establish Article III standing 'so long as another party with constitutional standing

on the same side as the intervenor remains in the case.'"  *San Juan County v. United States*, 503

F.3d 1163, 1172 (10th Cir. 2007) (citation omitted).  Because I have already found Plaintiff has

standing to assert its first and second claims for relief, I need not consider whether Arkansas

Native also has standing to pursue its own functionally identical claim on intervention.

Moreover, the mere fact that Arkansas Native might have been precluded from bringing its claim

in state water court is irrelevant to its ability to bring its claim in the instant action because: (1)

as the United States admits, this court — unlike the state water court — has jurisdiction to

review federal agency decision making; and (2) the phrase, "a claim or defense," in Rule 24(b)

refers to any "claims or defenses that can be raised in courts of law as part of an actual or

impending law suit."  (United States' Resp. at 11); *Diamond v. Charles*, 476 U.S. 54, 76 (1986)

(White, J., concurring).  If the United States' implicit construction of this phrase as instead

meaning only those claims or defenses that can be raised in *all* courts were correct, permissive

intervention would always be inappropriate because there could always be courts that lack

subject matter jurisdiction over particular claims. In short, I find Defendants' argument illogical and unsupported by cited law, and accordingly insufficient to prove that Arkansas Native does not have a "claim . . . that shares with the main action a common question of law." (*Compare* Arkansas Compl. ¶¶ 30–36, *with* Am. Compl. ¶¶ 82–90); Fed. R. Civ. P. 24(b)(1)(B) (2008).

In deciding whether permissive intervention is warranted once the threshold requirement of a common question of law or fact is satisfied, courts may consider such factors as: "(1) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights; (2) whether the would-be intervenor's input adds value to the existing litigation; (3) whether the petitioner's interests are adequately represented by the existing parties; and (4) the availability of an adequate remedy in another action." *United States v. N. Colo. Water Conservancy Dist.*, — F.R.D. —, 2008 WL 821924, at *8 (D. Colo. March 25, 2008). I consider each of these factors in turn.

### i. Undue Delay or Prejudice to the Existing Parties

According to the plain language of Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3) (2008). "Additional parties always take additional time that may result in delay and that thus may support the denial of intervention." 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1913 (3d ed. 2007). Nonetheless, "delay in and of itself does not mean that intervention should be denied," and a court should decide in its discretion whether intervention will "unduly delay" the adjudication. *Id.* Expounding upon this rule, the Tenth Circuit has explained that if an applicant's intervention

"clutter[s] the action" without aiding the current parties or issues, the applicant's motion to intervene may be denied. *Arney v. Finney*, 967 F.2d 418, 421–22 (10th Cir. 1992).

In the instant case, Defendants have pointed to no undue delay or prejudice accruing to themselves from Arkansas Native's prospective intervention, and I find that such intervention would not "unduly delay or prejudice adjudication of the original parties' rights" because neither defendant has yet filed an answer to Plaintiff's complaint, and because no party appears to have yet conducted any factual discovery. Fed. R. Civ. P. 24(b)(3) (2008); (*see also* Order [filed Apr. 25. 2008] [adopting a magistrate judge's recommendation which, in turn, relates that "the parties agreed that this case is in the nature of an administrative appeal, with no discovery necessary].") Accordingly, I find that this factor militates in favor of granting Arkansas Native's motion for permissive intervention.

ii.     ***Arkansas Native's Input as Adding Value to the Instant Litigation***

"In deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive." 6 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 24.10(2)(b) (3d ed. 2007); *see also Arney*, 967 F.2d at 422 (district court properly denied applicant's motion to intervene because, *inter alia*, the applicant's "intervention would not aid" the plaintiffs).

In the instant case, I find that Arkansas Native's input would make a significant and useful contribution to the development of the legal issues in this case because it would allow me to decide the merits of Plaintiff's first and second claims for relief on more complete briefing as

Arkansas Native would likely be briefing the exact same issues as Plaintiff in any forthcoming dispositive motions. In addition, I find that equity militates in favor of granting Arkansas Native's motion to intervene on this score because I have already granted Aurora's motion to intervene and have thus effectively provided Defendants the opportunity to double brief dispositive motions. Based on these considerations, I find that this factor also militates in favor of granting Arkansas Native's motion for permissive intervention.

### iii.    *Arkansas Native's Representation by Plaintiff*

Permissive intervention is not as appropriate if the applicant's interests are adequately represented by existing parties. 6 MOORE'S FEDERAL PRACTICE § 24.10(2)(c); *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) ("In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties.") (citations and internal quotation marks omitted).

In the instant case, the United States concedes that Arkansas Native's interests may be sufficiently distinct from Plaintiff's to prove that Plaintiff does not adequately represent Arkansas Native. (United States' Br. at 5–6.) Aurora does not meaningfully demur from this assessment, but instead merely claims without elaboration that "[Arkansas Native] . . . does not explain why Plaintiff cannot adequately challenge the Contract." (Aurora's Resp. at 8 n.1.) For the following reasons, I find that Arkansas Native's interests are sufficiently distinct from Plaintiff's to find that this factor militates in favor of intervention.

Although both Plaintiff and Arkansas Native seek to invalidate the Contract on broadly the same theory that the Contract contravenes the legislative intent behind the Fryingpan-Arkansas Authorization Act of 1962, the two parties diverge in their specific interpretations of this legislative intent. Plaintiff contends that Congress intended to import water from the western slope for beneficial use in the Arkansas River basin, whereas Arkansas Native contends that it intended to import western slope water for beneficial use only within the specific boundaries of the Southeastern Colorado Water Conservancy District ("SECWCD"). (*See, e.g.*, Am. Compl. ¶¶ 16, 50–51; Arkansas's Compl. ¶ 22; Arkansas's Br. at 10.) As such, Plaintiff contends that the export of water to entities outside of the SECWCD, but within the Arkansas River basin, is consistent with Congress's intent, whereas Arkansas Native disagrees. (*See* Am. Compl. ¶¶ 16, 50–51; Arkansas's Br. at 10 [implicitly defining "[p]roject boundaries" as coterminous with SECWCD boundaries].) I find that this divergence of opinion substantiates my finding that Plaintiff does not adequately represent Arkansas Native's interests in this action, and thus my determintion that this factor militates in favor of granting Arkansas Native's motion for permissive intervention.

### iv. *Availability of Adequate Remedy in Another Action*

Finally, the availability of an adequate remedy in another action generally counsels against permissive intervention. 6 MOORE'S FEDERAL PRACTICE § 24.10(2)(d).

In the instant case, the United States argues that because Arkansas Native can challenge Aurora's decreed water exchanges in state water court even if its motion to intervene is denied, it need not challenge the Contract here, because the Contract is merely intended to facilitate the

exchanges decreed in state water court. (United States' Resp. at 12.) I find this argument analogous to Defendants' similar argument in their motions to dismiss that the net export of Aurora's water out of the Arkansas River basin is not caused by the Contract because it is instead caused by the decreed water exchanges in state water court. (*See, e.g.*, Mem. in Supp. of United States of America's Mot. to Dismiss at 13 [filed Jan. 14, 2008].) Nonetheless, as I did in my order addressing Defendants' motions to dismiss, I find the United States' argument unavailing here because this argument obscures — by virtue of constructing a false dichotomy — the possibility that *both* the Contract *and* state water court decrees may be "but for" causes of Aurora's export of water. (*See, e.g.*, Am. Compl. ¶ 47 ["The [Contract] is *required* for Aurora to . . . facilitate exchanges" (emphasis added)]; Arkansas Compl. ¶ 13 ["The [Contact] would *allow*, through exchange, Aurora to export Project water from the Arkansas River Basin" (emphasis added)].) Accordingly, even assuming Arkansas Native might still be able to attack the decreed exchanges in state water court if I denied its instant motion to intervene, I still could not find that it has an adequate remedy in state water court because an unfavorable adjudication in this court would permanently deprive it of one of the two legal arguments it has to fight the export of Aurora's water out of the Arkansas River basin. *See, e.g.*, *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996) (stating that "the *stare decisis* effect of [a] district court's judgment is sufficient impairment for intervention"). Accordingly, I find that this factor also militates in favor of granting Arkansas Native's motion for permissive intervention.

Based on the foregoing, I exercise my discretion to grant Arkansas Native's motion for permissive intervention under Rule 24(b)(1)(B).

**3.      *Conclusion***

Based on the foregoing it is therefore ORDERED that:

1.      ARKANSAS NATIVE's motion to intervene (#24) is GRANTED.

Dated this 25th day of September, 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge