IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02244-PAB-MEH

LOWER ARKANSAS VALLEY WATER CONSERVANCY DISTRICT, a quasi-municipal corporation and political subdivision of the State of Colorado,

    Plaintiff,

ARKANSAS NATIVE, LLC, a Colorado corporation,

    Plaintiff-Intervenor,

        v.

UNITED STATES OF AMERICA,
DIRK KEMPTHORNE, Secretary of the Interior, in his official capacity,
ROBERT W. JOHNSON, Commissioner, Bureau of Reclamation, in his official capacity,
MICHAEL J. RYAN, Regional Director, Bureau of Reclamation, in his official capacity, and
U.S. BUREAU OF RECLAMATION, a federal agency,

    Defendants,

CITY OF AURORA, acting by and through its Utility Enterprise,

    Defendant-Intervenor.

_____

# ORDER
_____

This matter comes before the Court on the parties' Joint Proposed Briefing Schedule [Docket No. 95] and defendant-intervenor City of Aurora's Motion to Conduct Limited Discovery Related to Standing [Docket No. 97].

This action is an appeal of agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (the "APA"). Although the proceedings to date have included pretrial practice under the Federal Rules of Civil Procedure, this action is more

appropriately managed as an appeal subject to the Federal Rules of Appellate Procedure. Indeed, the Tenth Circuit's controlling decision in *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994), mandates that this Court "govern itself by referring to the Federal Rules of Appellate Procedure" in deciding this appeal of agency action under the APA. *See also American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law."). Accordingly, all future papers filed by the parties in this action shall conform to the Federal Rules of Appellate Procedure unless otherwise indicated herein or by order of this Court. In particular, the briefing in this case shall conform to Federal Rule of Appellate Procedure 28, but the parties shall be excepted from the timing and form requirements set forth in Rules 30, 31, and 32 of the Federal Rules of Appellate Procedure.

In its motion to conduct limited discovery, City of Aurora seeks leave to engage in discovery of both Lower Arkansas Valley Water Conservancy District ("Lower District") and Arkansas Native, LLC ("Arkansas Native"). City of Aurora and Lower District have agreed to certain limited discovery on the issue of standing, and City of Aurora has therefore withdrawn its motion as to Lower District. Whether to permit discovery into Arkansas Native's standing in this action depends on whether Arkansas Native is required to demonstrate standing in the first instance. As the Court discussed in its September 25, 2008 Order and Memorandum of Decision granting Arkansas Native's motion to intervene, the Tenth Circuit held in *San Juan County v. United*

*States*, 503 F.3d 1163, 1172 (10th Cir. 2007) (en banc), that "parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing so long as another party with constitutional standing on the same side as the intervenor remains in the case." (internal quotation marks omitted). Even if Federal Rule of Appellate Procedure 15(d), rather than Federal Rule of Civil Procedure 24, governed intervention in this review of agency action, this Court would apply the same standard announced in *San Juan County*. *See Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517-18 (7th Cir. 2004) ("Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24."). Thus, Arkansas Native need not establish Article III standing unless it is later proven that Lower District is without constitutional standing. I decline to order discovery as to Arkansas Native's putative standing based on this contingency.

Accordingly, it is

**ORDERED** that the briefing in this action shall conform to Fed. R. App. P. 28 and shall proceed according to the following schedule: motions to supplement the administrative record shall not be permitted without leave of the Court; Lower Arkansas Valley Water Conservation District and Arkansas Native, LLC shall file their opening briefs on or before April 24, 2009; the United States, the other federal defendants, and City of Aurora shall file their response briefs on or before June 5, 2009; and Lower Arkansas Valley Water Conservation District and Arkansas Native, LLC shall file their reply briefs on or before July 3, 2009. It is further

**ORDERED** that the parties' opening and response briefs shall not exceed thirty pages and reply briefs shall not exceed fifteen pages, excluding the certificate of service. It is further

**ORDERED** that City of Aurora's motion to conduct limited discovery [Docket No. 97] is DENIED as to Arkansas Native, LLC and WITHDRAWN as to Lower Arkansas Valley Water Conservation District.

DATED March 3, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge